(No. 5218-

O'LEARY'S CONTRACTORS EQUIPMENT AND SUPPLY, INC., and INTERSTATE FIRE AND CASUALTY COMPANY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1965.*

CLAUSEN, HIRSH, MILLER AND GORMAN, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

DOVE, J.

A claim in the amount of $2,298.38 for certain personal property stolen while in the possession of the State of Illinois Highway Division, Expressway Maintenance, and leased from O'Leary's Contractors Equipment and Supply, Inc. was filed on February 8, 1965.

A joint motion has been filed submitting this matter on stipulation, which is as follows:

"1. O'Leary's Contractors Equipment and Supply, Inc., is in the business of owning and leasing construction equipment and supplies.

"2. On June 5, 1964, claimant, O'Leary's Contractors Equipment and Supply, Inc., was the owner of certain personal property, to-wit:

1 Jaeger Compressor, Serial No. RC21437
1 Ingersoll Rand Pavement Breaker
2 50 ft. lengths of ¾" air hose
2 Moil points

"3. On that date, the State of Illinois, acting by and through Nick Matechick, its employee, requested the lease to the State of Illinois of the aforesaid equipment.

"4. The said equipment was delivered to the State of Illinois at the Highway Department, Northwest Yard, 5027 North Central Avenue, Chicago, Illinois, and Nick Matechick signed the lease agreement, which was attached to claimant's complaint, and which was properly identified and admitted into evidence at the hearing.

"5. Among the terms and conditions of the lease is the following part of paragraph 3:

'The equipment shall be at the sole risk of the lessee from loss, destruction or damage, and in case any part thereof be lost, destroyed or damaged, whether with or without fault of the lessee, lessee agrees to pay to the company the full value of such part in cash, except that if not damaged beyond reasonable repair, the lessee shall pay an amount equal to the reasonable cost of repairing the same.'

"6. The said property of claimant has never been returned to claimant.

"7. On the basis of testimony adduced at the hearing of David Hunter, Manager of O'Leary's Contractors Equipment and Supply, Inc., and of Insurance Adjuster, William Marth, I. S. Frigon and Company, the value of the property is stipulated as follows:

| | |
|---|---|
| 1 Jaeger Compressor .......................... | $2,000.00 |
| 1 Ingersoll Rand Pavement Breaker .............. | 275.00 |
| 2 50 ft. lengths of ¾" air hose, @ $17.00 each, less depreciation, $14.00 .......................... | 20.00 |
| 2 1⅛" Moil Points @ $3.19 each, less depreciation of $3.00 .................................... | 3.38 |
| TOTAL.................... | $2,298.38 |

"8. Claimant, Interstate Fire and Casualty Company, paid O'Leary's Contractors Equipment and Supply, Inc., $2,248.38, and thereby became subrogated to any recovery, which claimant, O'Leary's Contractors Equipment and Supply, Inc., would recover, up to said sum.

"9. There is now due and owing to claimant, O'Leary's Contractors Equipment and Supply, Inc., the sum of $50.00 and to Interstate Fire and Casualty Company, as Subrogree, the sum of $2248.38. Claimant, O'Leary's Contractors Equipment and Supply, Inc., and Interstate Fire and Casualty Company, by their attorneys, Clausen, Hirsh, Miller and Gorman, again represent that no assignment or transfer of the claim in this cause, or of any part thereof, or interest therein, except as stated herein, has been made by either of the claimants, and that O'Leary's Contractors Equipment and Supply, Inc., is justly entitled to the sum of $50.00, and Interstate Fire and Casualty Company is entitled to the sum of $2,248.38 from the State of Illinois."

Based upon the stipulation, an award is hereby made to O'Leary's Contractors Equipment and Supply, Inc., in the amount of $50.00, and to Interstate Fire and Casualty Company, in the amount of $2,248.38.